MARK BRNOVICH
Arizona Attorney General (Firm Bar No. 014000)
Drew C. Ensign (No. 25462)
Oramel H. (O.H.) Skinner (No. 32891)
Brunn (Beau) W. Roysden III (No. 28698)
Robert J. Makar (No. 033579)
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
Drew.Ensign@azag.gov

*Attorneys for Defendant Mark Brnovich*
*in his official capacity as Attorney General*

(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| American Muslims for Palestine and Dr. Hatem Bazian,<br><br>               Plaintiffs,<br>vs.<br><br>Arizona State University; Arizona Board of Regents; and Mark Brnovich, in his official capacity as Attorney General of Arizona,<br><br>               Defendants. | Case No: 2:18-cv-00670-PHX-JJT<br><br>**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' REQUEST FOR AN EXPEDITED HEARING (DOC. 10) AND FIRST REQUEST FOR AN EXTENSION OF TIME** |

**OPPOSITION TO EXPEDITED HEARING REQUEST
AND REQUEST FOR AN EXTENSION OF TIME**

Defendants Arizona Board of Regents ("ABOR")[1] and Mark Brnovich hereby jointly oppose Plaintiffs' request for an expedited hearing "no later than the week of March 26," because no such hearing is needed. Doc. 10 at 2.[2] The hearing request is predicated on Plaintiffs desire to speak at "the April 3, 2018 event at Arizona State University which is the subject of Plaintiffs' application." *Id.* The sole obstacle to Plaintiffs speaking at that event was a "No Boycott of Israel" provision in the applicable speaker contract form sent to Plaintiffs by the Muslim Students Association of ASU. That form was outdated, however, and Plaintiffs have been sent an updated form revised in December 2017—which does not include any such anti-Israel-boycott provision. The university has also confirmed that Plaintiffs are free to speak on April 3.

The sole impediment to Plaintiffs speaking at the April 3 event has thus been removed. Because it is clear that Plaintiffs will be permitted to speak without *any* injunctive relief issued by this Court, there is no reason to schedule an expedited hearing.

---

[1] Plaintiffs caption their case as being against Arizona State University, as well as separately against the Attorney General and the Arizona Board of Regents. ASU is not a party to this motion because it is a non-jural entity that cannot be sued. Governmental entities such as ASU "have no inherent power and possess only those powers and duties delegated to them by their enabling statutes." *Braillard v. Maricopa Cty.*, 232 P.3d 1263, 1269, ¶ 12 (App. 2010). Thus, ASU "may be sued only if the legislature so provided." *Id.* Arizona's universities are governed by ABOR. A.R.S. § 15-1625(A). By statute, ABOR has the capacity to sue and be sued. A.R.S. § 15-1625(B)(3). No similar statute exists for ASU. Therefore, claims for actions taken by ASU should name ABOR for and on behalf of ASU. Should this lawsuit proceed, then, at the appropriate time, plaintiffs should recast their suit appropriately. *See* Fed. R. Civ. P. 17(a)(1).

[2] Defendants reserve the right to move to dismiss on all bases available to them. Nothing in this motion is intended to waive any bases for dismissal. Instead, it was necessary to file this response prior to a motion to dismiss given the timing of Plaintiffs' expedited request.

(Indeed, Plaintiffs may well decide to withdraw their motion for a preliminary injunction in light of these developments.)

Further, consistent with these facts, Defendants also respectfully request an extension of time to file consolidated motions to dismiss Plaintiffs' Complaint (Doc. 1) and oppositions to Plaintiffs' motion for a preliminary injunction (Doc. 9) until April 6. This request is supported by good cause.

## ARGUMENT

### I.  THERE IS NO NEED FOR AN EXPEDITED HEARING

Both Plaintiffs' motion for a preliminary injunction and request for an expedited hearing are predicated entirely on the notion that A.R.S. § 35-393 *et seq.* (the "Act") will in some way inhibit Plaintiffs Dr. Bazian and American Muslims for Palestine ("AMP") from speaking at an event on April 3, 2018, at the campus of Arizona State University ("ASU").  Doc. 9-1 at 5 As Plaintiffs have themselves said: "The 'No Boycott of Israel' clause in ASU's standard speaker agreement is, to Plaintiffs' knowledge, the only institutional and legal roadblock to their participation in the scheduled April 3, 2018 event." *Id.*  It has, however, become perfectly clear that the Act does not pose any such obstacle to Dr. Bazian and AMP speaking.

Plaintiffs' claim is premised entirely on a single provision in the purported form speaker agreement that was sent to Dr. Bazian and AMP.  Doc. 1 at 9 (¶37) ("Dr. Hatem Bazian and American Muslims for Palestine would accept the Muslim Students Association's invitation if the "No Boycott of Israel" clause were stricken. They agree to all other contractual terms.").  The form contract that was sent to them (in error) included a clause requiring certify that he/it was not "engaged in a boycott of Israel" within the meaning of the Act.  Doc. 9-2 Ex. A at 3 (¶20) (page 11 of 13).

Dr. Bazian has made plain that he has no other objection to the speaker agreement and would otherwise be willing and able to speak at the April 3 event:  "If the 'No Boycott of Israel' clause [in the speaker form contract] is stricken or declared

1  unenforceable, I will sign the Agreement, enabling me to speak at the April 3, 2018
2  event." Doc. 9-3 at 6-7 (¶16) (Bazian Declaration).  AMP has similarly explained that it
3  has "one, *and only one,* objection," the no-Israel-boycott clause.  Doc. 9-2 at 3 (¶8)
4  (emphasis added).  Therefore, "[i]f the 'No Boycott of Israel' clause is stricken or
5  declared unenforceable, I will sign the Agreement, enabling AMP to participate in the
6  April 3, 2018 event." *Id.*

7  Since the filing of this suit, it has become abundantly clear that AMP and Dr.
8  Bazian will not be required to sign any contract with a "No Boycott of Israel" clause, and
9  indeed that the Act does not apply to their speaking engagements *at all*.  As José
10 Cárdenas, ASU's General Counsel, has explained to Plaintiffs' counsel, the form
11 contract sent to Dr. Bazian was an incorrect, older form contract.  Cárdenas Decl. Ex. 1.
12 Mr. Cárdenas has since sent a revised and updated form to Plaintiffs' counsel, which
13 does not include any "No Boycott of Israel" clause.  Cárdenas Decl. Ex. 1.  Mr. Cárdenas
14 has also stated unequivocally that "[t]he statute simply does not apply in this context"
15 and "ASU has no intentions of enforcing the statute that is the subject of your lawsuit
16 and it will not be a bar to the April 3rd event." *Id.*

17 ASU's position that the Act does not apply to AMP's and Dr. Bazian's speaking
18 engagements is well-founded and shared by Defendant Mark Brnovich.  Among other
19 reasons, Defendant Brnovich agrees that the Act does not apply to Plaintiffs' proposed
20 public speaking engagement at the University, as this type of guest speech is not a
21 provision of "services" within the meaning of the Act, in particular as that term must be
22 understood in light of the Act as a whole.  *See* A.R.S. § 35-393.01(A).  *Id.* ("A public
23 entity may not enter into a contract with a company to acquire or dispose of services,
24 supplies, information technology or construction….").

25 Defendant Brnovich therefore fully agrees with ASU's determination that the Act
26 does not apply to Dr. Bazian and AMP with respect to their April 3 speaking
27 engagements.  The Attorney General will (1) argue as much in seeking dismissal of
28

3

Plaintiffs' complaint and opposing Plaintiffs' motion for a preliminary injunction (should that motion not be withdrawn) and (2) like Defendant ABOR, not take any action to enforce the Act vis-à-vis Dr. Bazian's and AMP's April 3 speaking engagements. ASU has conveyed the Attorney General's position to Plaintiffs.  Cárdenas Decl. Ex. 1.

Under these circumstances, there is no need to hold the expedited hearing requested by Plaintiffs.  The clause at issue does not appear in the revised speaker contract sent to Plaintiffs' counsel and no Defendant intends to interfere with Plaintiffs speaking at the April 3 event on the basis of the Act.  Because Plaintiffs will be able to speak at that event no matter what actions this Court takes, no expedited hearing is either needed or warranted.  The scarce resources of this Court need not be consumed by a hearing that is now, by all available evidence, pointless.

## II.     AN EXTENSION OF TIME IS WARRANTED

Defendants also request extensions of time to file consolidated motions to dismiss and responses to Plaintiffs' motion for a preliminary injunction.  Defendants were not served with Plaintiffs' Complaint and motion until March 5.  The current deadlines for the Defendants' response and motion to dismiss/answer are therefore currently March 19 and March 26, respectively.

An April 6 deadline for a consolidated brief, representing an 11- to 18-day extension, will serve the interests of judicial economy and is supported by good cause for several reasons.  First, consolidated briefing will assist this Court in resolving the issues presented, rather than having them raised piecemeal across individual motions.  Second, a short extension should permit Defendants to depose Plaintiffs if appropriate to discover the facts relevant to Plaintiffs' request for a preliminary injunction and/or the jurisdictional basis (or lack thereof) for this suit.  Third, an extension of time is warranted because of the importance of the constitutional issues purportedly presented by Plaintiffs' Complaint.  A short extension of time will permit the Defendants to

address those issues meticulously in a manner that will assist this Court's resolution of this action (should any Article III case or controversy exist/remain).

For these reasons, the Defendants' request for extensions of time to file consolidated briefs should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs' request for an expedited hearing (Doc. 10) should be denied. In addition, Defendants' requests for extensions of time to file consolidated motions to dismiss and responses to Plaintiffs' motion for a preliminary injunction until April 6 should be granted.

Respectfully submitted this 8th day of March, 2018.

MARK BRNOVICH
ATTORNEY GENERAL

By: s/ Drew C. Ensign
Drew C. Ensign (No. 25462)
Oramel H. (O.H.) Skinner (No. 32891)
Brunn (Beau) W. Roysden III (No. 28698)
Robert J. Makar (No. 033579)

*Attorneys for Defendant Mark Brnovich*
*in his official capacity as Attorney General*

By: s/ Nancy Tribbensee
Nancy Tribbensee (No. 011128)
Senior Vice President and General Counsel
José A. Cárdenas (No. 005632)
Senior Vice President and General Counsel, ASU

*Attorneys for Defendant Arizona Board of Regents*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2018, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Lena F. Masri
Gadeir I. Abbas
Carolyn M. Homer
453 New Jersey Ave., SE
Washington, DC 20003
Phone: (202) 742-6420
Fax: (202) 488-0833

Raees Mohamed, Esq.
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Phone: (480) 331-9397
Fax: (866) 961-4984

  s/ Drew C. Ensign
*Attorney for Defendant Mark Brnovich in his official capacity as Attorney General*