# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| American Muslims for Palestine and Dr. Hatem Bazian,<br>　　　　　　　Plaintiffs,<br>vs.<br><br>Arizona State University; Arizona Board of Regents; and Mark Brnovich, in his official capacity as Attorney General Of Arizona,<br>　　　　　　　Defendants. | Case No: 2:18-cv-00670-PHX-JJT |

## DECLARATION OF JOSÉ A. CÁRDENAS

I, José A. Cárdenas, declare as follows:

1.  I am an attorney licensed to practice law in Arizona. I am Senior Vice President and General Counsel for Arizona State University.

2.  Attached hereto as Exhibit 1 is a March 8, 2018 email from me to Plaintiffs' counsel.

3.  Attached to that email was a revised version of the speaker form revised in December 2017. Plaintiffs had previously been sent an outdated version of that form.

4.  A revised version of that form, which was sent to Plaintiffs' counsel, does not include any provision regarding Israel-related boycotts.

5.  Plaintiffs' counsel has not yet responded to my March 8 email.

2

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, and that this declaration was issued on March 8, 2018 in Tempe, Arizona.

s/ José A. Cárdenas  
José A. Cárdenas

2

# Exhibit 1

## RE: American Muslims for Palestine v. Arizona State University et. al, 2:18-cv-00670

**Jose Cardenas (General Counsel) [jcardenas@asu.edu]**

| | |
|---|---|
| Sent: | Thursday, March 08, 2018 9:50 AM |
| To: | Carolyn Homer [cHomer@cair.com]; Gadeir Abbas [gAbbas@cair.com]; Lena F. Masri, Esq. [lmasri@cair.com] |
| Cc: | raees@kellywarnerlaw.com; Anne Griffith [anne@kellywarnerlaw.com]; Lisa Loo [lisaloo@asu.edu] |
| Attachments: | SpeakerArtistPerformer 2017.pdf (51 KB) |

Carolyn, Gadeir and Lena, this is a follow up to our discussion on Tuesday afternoon. I have also copied your local counsel.

We appreciate your courtesy in discussing your lawsuit with us and in listening to the reasons we gave as to why it should be withdrawn. While you did not agree with us on Tuesday, I am hopeful that upon further consideration of what we said and what is set forth here you will now agree that there is no dispute between ASU and your clients.

To be clear, for all of the reasons we discussed on Tuesday and as set forth below, ASU has no intentions of enforcing the statute that is the subject of your lawsuit and it will not be a bar to the April 3rd event. The statute simply does not apply in this context and that is why we removed it from our speaker engagement form contract.

As we told you, and as you know from press reports, your lawsuit is based on an outdated version of our speaker engagement form contract. The form was revised in December of 2017 and the no boycott of Israel provision to which you object was removed. That version of the contract is attached.

Lisa Loo, ASU's Vice President for Legal Affairs and Deputy General Counsel, tried to contact you and your local counsel last Friday before your scheduled press conference to tell you that the no boycott provision does not apply to the April 3rd event, but was not able to reach anyone. ASU, however, did make its position publicly known that same day and we will continue to do so.

That fact that our speaker engagement form does not have the boycott provision should in and of itself dispose of this lawsuit.

First, the relief you seek is an injunction "striking the 'No Boycott of Israel" clause from Defendants' standard speaker contract."

　　　　There is nothing to strike because the clause is not there.

Second, Dr. Bazian, in paragraph 16 of the affidavit attached to your complaint, said he would sign the contract if it did not have the provision to which he objects:

> "I have no objection to Arizona State University's 'Speaker/Artist/Performer Agreement' other than Paragraph 20, the 'No Boycott of Israel' clause. I have already blocked off April 3, 2018 on my calendar for attendance at the Muslim Students Association's BDS event at Arizona State University. If the 'No Boycott of Israel' clause is stricken or declared unenforceable, I will sign the Agreement, enabling me to speak at the April 3, 2018 event."

If Dr. Bazian meant what he said, he should be willing to sign the contract because it does not have the clause he said prevents him from signing.

When we spoke, Gadeir came up with a new theory as to why the lawsuit should nevertheless proceed. You said that Dr. Bazian will not sign the contract because it also includes a provision about compliance with all Arizona laws. You contend that incorporates the no boycott provision of state law and therefore we still have something to argue about.

Again, there are several flaws in this logic:

1) That argument is contrary to your client's position.

2) The provision you reference actually refers to "all **applicable**" laws.

    a. The no boycott provision does not apply to having Dr. Bazian speak at ASU, so there should be no further issues.

    b. As I told you I would, I spoke to the lawyers in the Attorney-General's office who are handling this matter. I am authorized to tell you that they agree that the no boycott clause would not apply to Dr. Bazian or any other speaker at the April 3rd event.

    c. The argument puts CAIR in the rather odd position of telling ABOR and ASU that they have to follow a state law to which you object and that we independently concluded does not apply. And now you know that the only other defendant agrees with our position.

3) A further flaw is that the obligation the "no boycott" statute imposes in the first instance is upon the public entity and not upon the other party to the contract. It requires the public entity to include that provision if applicable. If the clause is not there, we never get to the issue of whether your client has to agree to the certification.

4) Thus, to the extent you're saying the reference to all laws means the boycott provision applies, what you're really saying is it has to be in the contract. That leaves you in the rather strange position of demanding the inclusion of the provision or inserting it yourself so that you can then say your client won't comply because it's now in the contract.

Gadeir, you were quoted on a local news posting as saying that your clients "hope ASU will come to its senses and allow the April 3rd event to go forward."

At the moment, the only thing that is preventing the April 3rd event from going forward is your tortured legal analysis and your insistence on creating a dispute where none exists. If you insist on proceeding, I can well imagine the Judge asking, "why are we here?"

With all due respect, it is you and your colleagues who need to come to your senses and not waste the time and resources of the parties and the court and, more importantly, deprive ASU students and others of the opportunity to hear from Dr. Bazian.

As I told you when we spoke, ASU's commitment to free speech is long standing and deep. That is why FIRE (Foundation for Individual Rights in Education) has lauded ASU as one of only 38 institutions in the entire country to earn its highest, "green light" rating for campus free speech.

Paragraph 30 of your complaint similarly notes that ASU is "committed to academic freedom, and to providing an open venue for student organizations to invite outside speakers and host educational events on a wide variety of subjects, and from a wide variety of viewpoints."

You were right. That is why we look forward to finalizing the speaker engagement contract with Dr. Bazian's signature.

And we look forward to Dr. Bazian's appearance at ASU on April 3rd.


Sincerely,

José A. Cárdenas
Sr. Vice President and General Counsel
Arizona State University



# SPEAKER/ARTIST/PERFORMER AGREEMENT

This Agreement is entered into as of _____, 20__, between the Arizona Board of Regents acting for and on behalf of Arizona State University (ASU) and _____ [1] (Speaker), or _____, a _____ _____, [2] as the authorized agent for Speaker.  If Speaker is represented by an authorized agent, then references to Speaker herein will also refer to the authorized agent, where appropriate.

1. Engagement; Event.  ASU hereby engages Speaker to personally provide the following services, and Speaker agrees to personally provide to ASU the following services (the Presentation) at the following Event (the Event):
   Event/Location: _____
   Dates and times of Event: _____
   Speaker's Presentation schedule: _____
   Title of Speaker's Presentation: _____
   Speaker's hospitality requirements: _____
   Speaker's technical requirements: _____

2. Notice.  Any communication or notice required under this Agreement will be in writing and may either be given by personal delivery or sent, in all cases, against receipt, addressed to the following:
   If to ASU:                                        If to Speaker:
   _____           _____
   _____           _____
   _____           _____
   Attn: _____           Attn: _____
   Email: _____           Email: _____

   Notice will be deemed to be received upon actual receipt (or refusal of receipt) by the receiving party.

3. Speaker Warranty.  Speaker warrants that at all times during the Event, Speaker will personally provide Speaker's best professional efforts. Speakers' professional credentials are such that Speaker can provide the Presentation in a knowledgeable and professional manner.

4. Payment.  ASU will pay Speaker the all-inclusive fee of $_____ upon completion of the Presentation. Speaker will complete a Substitute W-9 Form, which must be signed by the person or entity to whom payment is to be issued. ASU will issue all payment in accordance with the information on the completed and signed Substitute W-9 Form.

5. Acceptance of Agreement.  Speaker will accept and return this Agreement to ASU no later than _____, 20__.  In all events, this Agreement must be fully signed and received at ASU at least one week prior to the Event to allow on-time payment. This Agreement must be fully signed before payment can be processed. Please return a signed copy of this Agreement to ASU at the address set forth in Section 2.

---

[1]  If an authorized agent is signing, please be sure to fill in the speaker name as well.
[2]  Include full legal name of authorized agent, state of formation, and type of entity (i.e.; ABC, Inc., an Arizona Corporation.)

1

6. Compliance with Law.  Speaker will comply with all applicable ASU, City, County, State, and Federal laws, acts, codes, regulations and policies, including all applicable federal immigration laws and regulations that relate to employment.

7. Press Materials.  Speaker will timely supply all press/promotion material requested by ASU.

8. Indemnity.  Speaker will indemnify, defend, save and hold ASU harmless for, from, and against, any all claims, demands, suits, costs and damages (including reasonable attorneys' fees) that ASU may incur by reason of any: (a) actual or alleged infringement or violation of any copyright, or other proprietary right by Speaker; (b) claim for damages arising from Speaker's Presentation; or (c) any of Speaker's costs and liabilities arising out of the Presentation or Event, including without limitation: travel and meal expenses; union dues; taxes; agents' commissions or other expenses or obligations; damages to Speaker's equipment or materials; compensation to third parties engaged by Speaker; compensation for lost or stolen equipment or materials; workers compensation or other insurance; and any expenses not preapproved by ASU in writing.

9. Indemnification and Liability Limitation.  Because ASU is a public institution, any indemnification, liability limitation, releases, or hold harmless provisions are limited as required by Arizona law, including Article 9, Sections 5 and 7 of the Arizona Constitution and Arizona Revised Statutes (ARS) §§ 35-154 and 41-621. ASU's liability under any claim for indemnification is limited to claims for property damage, personal injury, or death to the extent caused by acts or omissions of ASU.

10. Force Majeure.  Neither Speaker nor ASU shall be liable to each other for failure to perform hereunder if failure is caused by civil tumult, strike, epidemic, or any other cause beyond the reasonable control of the parties (Force Majeure). The ingestion of alcohol, opioids, illegal substances, or the like, will not be deemed an event of Force Majeure. If the Event or Presentation is cancelled due to an event of Force Majeure, the parties will make reasonable efforts to reschedule, if feasible.

11. Cancellation. If either party cancels this Agreement or the Presentation, other than due to an event of Force Majeure the other party will have all remedies afforded by law and in equity. In addition, if ASU cancels the Event or the Presentation, ASU will reimburse Speaker for reasonable expenses incurred in preparation for the Presentation up to the date ASU provides notice of cancellation.

12. Liability; Insurance.  Speaker, at its expense, will procure and maintain, for the duration of the Event, a policy of commercial general liability insurance in an amount of not less than $1,000,000, single limit, against claims for bodily injury, death and property damage occurring in connection with the Event and the Presentation. This insurance must name the Arizona Board of Regents, Arizona State University, and the State of Arizona as additional insureds. Speaker must provide ASU with a certificate evidencing this insurance coverage no later than 10 days prior to the Presentation.

13. No Assignment.  Neither party may assign any rights or obligations under this Agreement without the prior written consent of the other party.

14. Entire Agreement.  This Agreement constitutes the entire agreement and understanding of the parties with respect to its subject matter. No prior or contemporaneous agreement or understanding will be effective.

15. Governing Law and Venue.  This Agreement will be governed by the laws of the State of Arizona. ASU's obligations are subject to the regulations/policies of the Arizona Board of Regents. Any proceeding arising out of or relating to this Agreement will be conducted in Maricopa County, Arizona. Speaker consents to such jurisdiction, and waives objection to venue or convenience of forum.

16. Independent Contractor.  Speaker is an independent contractor and is not an employee of ASU. Neither Speaker nor any personnel of Speaker will for any purpose be considered employees or agents of ASU. Speaker assumes full responsibility for the actions of Speaker's personnel, and is solely responsible for their supervision, direction and control, payment of salary and expenses (including withholding income taxes and social security), worker's compensation, and disability benefits.

17. Recordings; Use of Name and Likeness.  Both parties may record the Presentation for internal records. No recording of the Presentation, either visual or audio, will be made by or on behalf of Speaker for the purposes of profit or significant distribution without prior written approval from ASU. ASU may require an additional payment for the privilege, and may require Speaker to sign a filming/recording agreement. ASU may record the Presentation on video tape, audio tape, film, photograph or any other medium, use Speaker's name, likeness, voice and biographical material in connection with these recordings for purposes within the ASU mission, including education and research, and exhibit or distribute the recording in whole or in part without restrictions or limitation for any educational or promotional purpose that ASU deems appropriate.

18. No Revenue Sharing.  Speaker will not participate in any revenues associated with the Presentation or Event. This includes: sponsorship, ticketing, ticketing fees, ASU concessions revenues, and any other revenue streams that may be associated with the Event.

19. Non-discrimination.  The parties will comply with all applicable laws, rules, regulations, and executive orders governing equal employment opportunity, immigration, and nondiscrimination, including the Americans with Disabilities Act. **If applicable, the parties will abide by the requirements of 41 CFR §§ 60- 1.4(a), 60-300.5(a) and 60-741.5(a). These regulations prohibit discrimination against qualified individuals based on their status as protected veterans or individuals with disabilities, and prohibit discrimination against all individuals based on their race, color, religion, sex, or national origin. Moreover, these regulations require that covered prime contractors and subcontractors take affirmative action to employ and advance in employment individuals without regard to race, color, religion, sex, national origin, protected veteran status or disability**.

20. Conflicts of Interest.  If within 3 years after the execution of this Agreement, Speaker hires as an employee or agent any ASU representative who was significantly involved in negotiating, securing, drafting, or creating this Agreement, then ASU may cancel this Agreement as provided in ARS § 38-511. Notice is also given of ARS §§ 41-2517 and 41-753.

21. Arbitration in Superior Court.  The parties agree to arbitrate disputes filed in Arizona Superior Court that are subject to mandatory arbitration pursuant to ARS § 12-133. ARS § 12-1518 requires this provision in all ASU agreements.

22. Records.  To the extent required by ARS § 35-214, the non-ASU parties to this Agreement will retain all records relating to this Agreement. Speaker will make those records available at all reasonable times for inspection and audit by ASU or the Auditor General of Arizona during the term of this Agreement and for 5 years after the completion of this Agreement. The records will be provided at ASU in Tempe, Arizona, or another location designated by ASU on reasonable notice to Speaker.

23. Failure of Legislature to Appropriate.  In accordance with ARS § 35-154, if ASU's performance under this Agreement depends on the appropriation of funds by the Arizona Legislature, and if the Legislature fails to appropriate the funds necessary for performance, ASU may provide written notice of this to Speaker and cancel this Agreement without further obligation of ASU. Appropriation is a legislative act and is beyond ASU's control.

24. <u>Weapons, Explosives, and Fireworks</u>. ASU prohibits the use, possession, display or storage of any weapon, explosive device or fireworks on all land and buildings owned, leased, or under the control of ASU or its affiliated entities, in all ASU residential facilities (whether managed by ASU or another entity), in all ASU vehicles, and at all ASU or ASU affiliate sponsored events and activities, except as provided in ARS § 12-781, or unless written permission is given by ASU's Police Chief or a designated representative. Speaker will notify all persons or entities who are employees, officers, subcontractors, consultants, agents, guests, invitees or licensees of Speaker of this policy, and Speaker will enforce this policy against all such persons and entities. ASU's policy is at asu.edu/aad/manuals/pdp/pdp201-05.html.

25. <u>Privacy; Educational Records</u>. Student educational records are protected by the U.S. Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g (<u>FERPA</u>). Speaker will not require any ASU students or employees to waive any privacy rights (including under FERPA or the European Union's General Data Protection Regulation (<u>GDPR</u>)) as a condition for receipt of any educational services, and any attempt to do so will be void. Speaker will comply with FERPA and will not access or make any disclosures of student educational records to third parties without prior notice to and consent from ASU or as otherwise provided by law. If this Agreement requires or permits Speaker to access or release any student records, then, for purposes of this Agreement only, ASU designates Speaker as a "school official" for ASU under FERPA, as defined in FERPA and its implementing regulations. In addition, any access or disclosures of student educational records by Speaker or any Speaker Parties must comply with ASU's definition of legitimate educational purpose. If Speaker violates this section, Speaker will immediately notify ASU.

26. <u>Authorized Presence Requirements</u>. As required by ARS § 41-4401, ASU is prohibited from awarding a contract to any contractor or subcontractor that fails to comply with ARS § 23-214(A) (verification of employee eligibility through the e-verify program). Speaker warrants that it and its subcontractors comply fully with all applicable immigration laws, rules, and regulations that relate to their employees and their compliance with ARS § 23-214(A). A breach of this warranty will be a material breach of this Agreement that is subject to penalties up to and including termination. ASU retains the right to inspect the papers of any contractor or subcontractor employee hereunder to ensure compliance with this warranty.

27. <u>Tobacco-Free University</u>. ASU is tobacco-free. For details visit asu.edu/tobaccofree.

28. <u>Authority</u>. If an individual or entity signs below on behalf of Speaker, such signatory represents and warrants that he/she/it has full and current authority to act and contract on behalf of Speaker and obligate Speaker, and that this Agreement is binding upon and enforceable against Speaker and the undersigned (if not Speaker) in accordance with its terms.

PRINT NAME OF SPEAKER OR
AGENT OF SPEAKER

_____

ARIZONA BOARD OF REGENTS FOR AND ON BEHALF OF ARIZONA STATE UNIVERSITY

_____
Signature

_____
Signature

_____
Signatory Name

_____
Signatory Name

_____
Signatory Title

_____
Signatory Title

_____
Date Signed

_____
Date Signed

4

OGC 12.13.17