**MARK BRNOVICH**
**ATTORNEY GENERAL**
Drew C. Ensign (No. 25463)
Oramel H. (O.H.) Skinner (No. 32891)
Brunn (Beau) W. Roysden III (No. 28698)
Robert J. Makar (No. 033579)
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5252
Drew.Ensign@azag.gov

*Attorneys for Defendant Mark Brnovich*
*in his official capacity as Attorney General*

(Additional counsel listed on signature page)

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| American Muslims for Palestine and Dr. Hatem Bazian,<br><br>                    Plaintiffs,<br><br>vs.<br><br>Arizona Board of Regents for and on behalf of Arizona State University; and Mark Brnovich, in his official capacity as Attorney General Of Arizona,<br>                    Defendants. | Case No: 2:18-cv-00670-PHX-JJT<br><br>**DEFENDANTS' REPLY TO RESPONSE IN SUPPORT OF THEIR MOTION TO DISMISS** |

1

# TABLE OF CONTENTS

2

3   TABLE OF AUTHORITIES ........................................................................................II

4   INTRODUCTION ................................................................................................... 1

5   ARGUMENT ......................................................................................................... 2

6   I.   PLAINTIFFS HAVE CONCEDED THIS ACTION IS PRUDENTIALLY MOOT

7   AND UNRIPE ....................................................................................................... 2

8       A.   Prudential Mootness Is Both Appropriate And Conceded Here ....................... 3

9       B.   This Case Is Concededly Unripe ................................................................. 3

10  II.   PLAINTIFFS' EXTENSIVE DISCUSSION OF THE CONSTITUTIONAL

11  MERITS AND FACTUAL NON SEQUITURS ARE IRRELEVANT ......................... 3

12      A.   Plaintiffs' Extensive Discussion Of The First Amendment Merits Is Irrelevant

13      and Unserious ...................................................................................... 3

14      B.   Plaintiffs' Factual Red Herrings Are Irrelevant ................................................. 4

15  III.   THIS SUIT IS CONSTITUTIONALLY MOOT .................................................. 6

16  IV.   THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED ............................ 9

17  CONCLUSION ...................................................................................................... 11

18

19

20

21

22

23

24

25

26

27

28

i

1

# TABLE OF AUTHORITIES

2

**CASES**

3

*Alvarez v. Smith*
   558 U.S. 87, 93 (2009)................................................................................ 7

4

5

*Arizona Attorneys for Criminal Justice v. Ducey*
   No. 17-cv-1422, 2018 WL 1570244 (D. Ariz. Mar. 30, 2018) ................. 10

6

*Calzone v. Hawley*
   866 F.3d 866 (8th Cir. 2017)...................................................................... 10

7

8

*Center for Biological Diversity v. Lohn*
   511 F.3d 960 (9th Cir. 2007)........................................................................ 6

9

*DeFunis v. Odegaard*
   416 U.S. 312 (1974) ..................................................................................... 8

10

11

*FEC v. Wisconsin Right to Life, Inc.*
   551 U.S. 449 (2007) ..................................................................................... 9

12

*Headwaters, Inc. v. BLM*
   893 F.2d 1012 (9th Cir. 1989)...................................................................... 9

13

14

*International Longshoremen's Ass'n, AFL-CIO v. Allied Int'l, Inc.*
   456 U.S. 212 (1982) ..................................................................................... 4

15

*Jordahl v. Brnovich*
   No. 17-cv-8263 (D. Ariz. filed Dec. 6, 2017)...................................... 2, 4, 9

16

17

*Lujan v. Defs. of Wildlife*
   504 U.S. 555 (1992) ..................................................................................... 6

18

*Native Vill. of Noatak v. Blatchford*
   38 F.3d 1505 (9th Cir. 1994)........................................................................ 7

19

20

*Planned Parenthood of Idaho, Inc. v. Wasden*
   376 F.3d 908 (9th Cir. 2004)................................................................... 1, 10

21

*Public Utilities Comm'n v. FERC*
   100 F.3d 1451 (9th Cir. 1996)................................................................... 7, 8

22

23

*Regan v. Taxation With Representation of Wash.*
   461 U.S. 540 (1983) ..................................................................................... 4

24

*Rumsfeld v. FAIR*
   547 U.S. 47 (2006) ....................................................................................... 4

25

26

*Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*
   42 F.3d 1278 (9th Cir. 1994)........................................................................ 6

27

*Snoeck v. Brussa*
   153 F.3d 984 (9th Cir. 1998)................................................................... 1, 10

28

*Steel Co. v. Citizens for a Better Env't*
    523 U.S. 83 (1998). ................................................................................................ 1

*Taylor v. List*
    880 F.2d 1040 (9th Cir. 1989)............................................................................. 11

*Vance v. Peters*
    97 F.3d 987 (7th Cir. 1996) ................................................................................ 11

**INTRODUCTION**

Plaintiffs' Opposition brief is—much like this suit itself—far more germane to Plaintiffs' public relations campaign than the legal issues actually presented here.  For example, Plaintiffs remarkably devote more than *7 pages* of their 17-page brief to issues not actually raised by Defendants' motion to dismiss (*i.e.*, the merits of their First Amendment claim).  *See* Doc. 28 ("Opp.") at 5-11.  But that constitutional argumentation is utterly irrelevant for resolving the motion to dismiss at issue here—which raises mootness, ripeness and other procedural issues alone.

As to the arguments that Defendants actually *did* make in their motion to dismiss, Plaintiffs have precious little—and often nothing at all—to say.  In particular, Defendants asserted prudential mootness as an entirely sufficient ground for dismissal.  *See* Doc. 24 ("MTD") at 10-13.  That argument would be hard to miss:  it was more than four pages long and an entire subsection (I.D) of the motion to dismiss.  But Plaintiffs do not offer *any* response to this dispositive argument.  Not one word.  Plaintiffs thus offer no basis on which this Court could decline to dismiss this action under the doctrine of prudential mootness, and this Court should dismiss on that conceded ground alone.

Plaintiffs similarly offer no response to Defendants' equally unmissable and dispositive argument that this case should be dismissed as unripe—*i.e.*, Roman II of the argument.  *See* MTD at 13-14.  This Court should therefore dismiss this action on that fully sufficient and conceded ground as well.

Plaintiffs' unwillingness or inability to address these dispositive issues ultimately makes resolution of Defendants' motion to dismiss supremely simple:  this Court can—and should—grant the motion on those conceded grounds alone, and avoid reaching any other (actually contested) issue.  Indeed, because Plaintiffs' silence concedes lack of subject matter jurisdiction *at least twice*, there is nothing for this Court to do but "'announc[e] th[at] fact and dismiss[] the cause,'" since "[w]ithout jurisdiction the court cannot proceed at all."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Even as to the issues that Plaintiffs do address—which are irrelevant in light of

Plaintiffs' dispositive concessions—their arguments cannot withstand scrutiny. Although Plaintiffs attempt to rely on the "voluntary cessation" exception to mootness, they neither dispute that (1) the fact that "time has passed and Plaintiffs have given their speech" (MTD at 9) is not voluntary cessation, but rather ordinary mootness (since time marches on no matter what actions Plaintiffs or Defendants take), nor (2) Defendants' demonstration that "the voluntary cessation exception does not apply where, as here, Defendants had already ceased the relevant conduct before this action was filed." MTD at 9. Both of these grounds preclude application of the voluntary cessation exception.

Plaintiffs similarly cannot satisfy their burden in asserting the capable-of-repetition, yet-evading-review exception to mootness. Plaintiffs never deny that their constitutional challenges will not evade review because "a virtually identical First Amendment challenge to the Act is pending before this Court in *Jordahl v. Brnovich*, No. 17-cv-8263 (D. Ariz. filed Dec. 6, 2017)." MTD at 9. Plaintiffs simply ignore that argument entirely. Plaintiffs similarly have not established any genuine likelihood of repetition where ASU—the only university in Arizona named in Plaintiffs' complaint—changed its policy even before this suit was filed. There is thus no reason to believe that Plaintiffs will ever encounter the ASU policy that they challenged again. And to the extent that Plaintiffs have issues with other universities, those issues can and must wait for a new suit that satisfies the requirements of Article III.

## ARGUMENT

## I. PLAINTIFFS HAVE CONCEDED THIS ACTION IS PRUDENTIALLY MOOT AND UNRIPE

Ultimately *everything* that Plaintiffs say in their Opposition is rendered irrelevant by what they do not say—*i.e.*, *anything* in response to Defendants' prudential mootness and ripeness arguments, both of which mandate dismissal if accepted by this Court. And Plaintiffs have failed to offer any basis on which those arguments could be rejected. This Court should therefore dismiss on the bases of prudential mootness and/or ripeness, which Plaintiffs have conceded is appropriate.

**A.** **Prudential Mootness Is Both Appropriate And Conceded Here**

Defendants' motion argued—as an entirely independent and sufficient ground— that this case should be dismissed under the doctrine of prudential mootness, citing numerous precedents applying the doctrine.  *See* MTD at 10-13.  In response, Plaintiffs argue, well, *nothing*.  Plaintiffs do not even acknowledge Defendants' prudential mootness argument, let alone address any aspect of it.  Indeed, the word "prudential" does not even appear *anywhere* in their brief.  Nor do Plaintiffs address in any genuine detail the extensive evidence that Defendants cited in support of their argument— including Defendants' demonstration that the representations made by Plaintiffs to this Court about their willingness to sign the applicable contracts if the anti-Israel-boycott clauses were removed ultimately proved to be false.  *See* MTD at 11-12.

Plaintiffs' non-response should resolve this case.  By thoroughly defaulting on a dispositive argument, dismissal for prudential mootness is amply warranted here.

**B.** **This Case Is Concededly Unripe**

Plaintiffs similarly ignore—entirely—Defendants' ripeness argument, which is another fully sufficient ground for dismissal.  *See* MTD at 13-14.  The only time any form of the word "ripe" appears anywhere in their brief is in a case parenthetical for the entirely separate point that Plaintiffs must produce "'affidavits or any other evidence necessary to satisfy [their] burden of establishing . . . subject matter jurisdiction.'"  Opp. at 4 (citation omitted).  Plaintiffs never acknowledge the necessity of Article III ripeness at all, let alone attempt to satisfy the requisite "genuine threat of imminent prosecution" requirement.  This Court should therefore dismiss for lack of ripeness as well.

**II.** **PLAINTIFFS' EXTENSIVE DISCUSSION OF THE CONSTITUTIONAL MERITS AND FACTUAL NON SEQUITURS ARE IRRELEVANT**

**A. Plaintiffs' Extensive Discussion Of The First Amendment Merits Is Irrelevant and Unserious**

Plaintiffs' Opposition engages in a lengthy and completely irrelevant discussion of the merits of their First Amendment claim, which consumes nearly half of their brief.

*See* Opp. at 5-11.  Plaintiffs appear to use this extensive non sequitur as the premise for their contention (at 4) that Defendants have not addressed the merits of Plaintiffs' First Amendment claim because they "know it [the Act] cannot withstand judicial scrutiny." That *ad hominem* attack is specious.  The Attorney General and the State have not remotely been shy about defending the constitutionality of the Act when subject matter jurisdiction for such a challenge is even *arguably* present.  In the *Jordahl* case the State extensively briefed the First Amendment claim.  *See Jordahl v. Brnovich*, No. 17-cv-8263 (D. Ariz. filed Dec. 6, 2017) (Docs. 28, 46).  Moreover, the State of Arizona voluntarily intervened as a defendant specifically so that it could defend the constitutionality of its statute.  *See id.* (Doc. 24).

The Attorney General and the State are more than prepared to mount a robust defense of the constitutionality of the Act in any case where the merits of such arguments are even plausibly presented.  But that is not remotely the case here.  This action is patently moot and unripe, as Plaintiffs' numerous concessions by silence concede.[1]

**B.  Plaintiffs' Factual Red Herrings Are Irrelevant**

Plaintiffs' Opposition is loaded up with numerous red-herring factual assertions, few of which Plaintiffs actually argue should have legal relevance.  The bulk thus appear to serve little function aside from clouding the issues or throwing mud.  But because those red herrings contain several none-too-subtle insinuations of impropriety, Defendants will address them briefly even though they have no legal relevance.

Plaintiffs cast various aspersions by alleging (at 3) that, with respect to ASU's speaker contract, "the metadata of that document says it was created by an ASU administrative assistant on February 22, 2018."  That is both incorrect and irrelevant on

---

[1]  Moreover, even on the First Amendment issues, Plaintiffs' silence on dispositive issues is all-but deafening.  Plaintiffs' notably do not address the dispositive precedents of *Rumsfeld v. FAIR*, 547 U.S. 47 (2006), *International Longshoremen's Ass'n, AFL-CIO v. Allied Int'l, Inc.,* 456 U.S. 212, 214, 223-26 (1982), and *Regan v. Taxation With Representation of Wash.,* 461 U.S. 540, 549 (1983).  Plaintiffs' discussion of the constitutional issues is thus deeply unserious, as the State will eagerly explain if this Court concludes that subject matter jurisdiction exists here.

multiple levels.  *First*, Plaintiffs' assertions relate to a version of the speaker contract not provided by ASU, or even a member of Muslim Students Association, but instead some unspecified "reporter."  It is far from clear why a version of the speaker form provided by a non-party after this suit was filed (and thus necessarily played no part in the events alleged in the Complaint) has any relevance whatsoever.  *Second*, the metadata from the version omitting the anti-Israel-boycott clause shows a) that February 22, 2018 was simply the date that particular version was "saved;" and b) that it was actually created on December 13, 2017.  3d Cárdenas Decl. ¶3 & Ex. A.  *Third*, the Defendants did not claim that the speaker form was never changed after December 2017—instead they expressly stated that "[t]he speaker form agreement has been revised since December 2017, but none of the revised versions included any certification with respect to boycotts of Israel." 2d Cárdenas Decl. ¶5.  The fact that a subsequent copy of the document floating around with some unnamed reporter may have a later creation date does not change the fact that the anti-Israel-boycott clause was removed in December 2017 and has never been added back into *any* subsequent version of the form.  *Id.* ¶¶4-5.  *Fourth*, even accepting Plaintiffs' mistaken assertion of a February 22, 2018 "creation" date, that is still *before* this suit was filed, thus precluding any application of the voluntary cessation exception. *See infra* at 7-8.  *Fifth*, Plaintiffs never make any argument concerning metadata in their argument section, effectively conceding its irrelevance with respect to Article III mootness.

Plaintiffs also (at 3) point to other contracts used by ASU and suggest they are somehow relevant to Article III mootness.  But *none* of those contract forms are used for student-group-invited speakers, 3d Cárdenas Decl. ¶2—*i.e.*, the only dispute presented by Plaintiffs' Complaint.  Because there is no indication that Plaintiffs intend to perform any function at ASU other than speaking, those other contract forms are irrelevant.

Plaintiffs further point to the speaker forms used by University of Arizona ("UofA") and Northern Arizona University ("NAU").  None of those forms have any

5

1   relevance because Plaintiffs' Complaint only challenged the speaker form used by ASU.

2   Indeed, Plaintiffs' Complaint does not even mention either institution.

3        In addition, Plaintiffs cannot retroactively reframe their Complaint (particularly

4   without amending it formally) to evade mootness.[2]  In any event, Plaintiffs attempt to

5   bolster their likelihood-of-recurrence argument by alleging that they are "exploring

6   opportunities" to potentially speak at University of Arizona at some future unspecified

7   date does not satisfy Article III.  *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564

8   (1992) ("Such 'some day' intentions—without any description of concrete plans, or

9   indeed even any specification of when the some day will be—do not support [Article III

10  jurisdiction.]").  Moreover, UofA and NAU have now revised their speaker forms to

11  eliminate the no boycott clause.  Tribbensee Decl. ¶¶ 2-5.  Plaintiffs are therefore now

12  free to speak at any of the three universities under ABOR's jurisdiction without fear that

13  they will have to sign a contract with an anti-Israel-boycott clause.

14  **III.    THIS SUIT IS CONSTITUTIONALLY MOOT**

15        In addition to being prudentially moot, this case is also moot as a matter of Article

16  III.  The fact that Plaintiffs' April 3 speeches have come and gone, as well as the change

17  in ASU's policy (the *only* policy challenged by the Complaint) each independently render

18  this suit moot.  Nor can Plaintiffs squeeze within any exception to Article III mootness.

19      **A.    This Case Is Moot Unless It Falls Within An Exception**

20        Plaintiffs' Complaint only identifies a single instance where the challenged policy

21  of ASU would ever be applied against Plaintiffs—Plaintiffs' April 3, 2018 speaking

22  engagements.  Complaint ¶ 37.  No other potential application of the challenged speaker

---

[2]  *See Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1282
(9th Cir. 1994) (request for declaratory judgment in challenge to order prohibiting certain
fishing during summer of 1991 was moot once the summer was over because the claims
were "narrowly focused on a single past event"); *Center for Biological Diversity v. Lohn*,
511 F.3d 960, 964 (9th Cir. 2007) (claim seeking endangered listing for the Southern
Resident killer whale was mooted when the agency listed the population; possibility that
the government policy "might adversely affect … the Service's listing determination of
certain other killer whale populations at some indeterminate time in the future is too
remote and too speculative a consideration to save this case from mootness").

contract/Act would ever be applied to them; nor was another other university's speaker contract identified—let alone challenged.  Accordingly, this case was mooted (subject to possible exceptions not applicable here as discussed next) both when (1) ASU changed its speaker contract in December 2017, and (2) Plaintiffs gave their April 3 speeches without any hindrance by Defendants whatsoever.  *See* MTD at 5-7.

Plaintiffs appear to argue that this case is not moot because this Court could issue declaratory relief.  *See* Opp. at 16 ("This Court can grant relief by declaring that the anti-BDS Act violates the First Amendment[.]").  But there is no exception to mootness for declaratory relief: "[a] federal court cannot issue a declaratory judgment if a claim has become moot."  *Public Utilities Comm'n v. FERC*, 100 F.3d 1451, 1459 (9th Cir. 1996); *accord Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1514 (9th Cir. 1994).  Thus, even if the parties "continue to dispute the lawfulness of the [law/Defendants' policy]," a case is moot when it is "no longer embedded in any actual controversy about the plaintiffs' particular legal rights."  *Alvarez v. Smith*, 558 U.S. 87, 93 (2009). That is precisely the case here.  Now that the concrete dispute about Plaintiffs' April 3 speaking engagement has vanished, Plaintiffs' suit is moot unless it falls within an exception to mootness.  As explained next, neither exception identified by Plaintiffs applies here.

## B.    The Voluntary Cessation Exception Does Not Apply

Plaintiffs rely heavily on the voluntary cessation exception to mootness.  Their supporting arguments fail for four reasons, however.

*First*, the voluntary cessation exception could apply (if at all) only to ASU's change in its speaker form, not the fact that Plaintiffs' April 3, 2018 speaking event is now in the rear-view mirror.  It could hardly be disputed that Defendants do not control the flow of time, and the fact that April 3 has now come and gone is not "voluntary cessation" by Defendants, but rather the product of immutable laws of science.  This aspect of mootness is effectively identical to *DeFunis v. Odegaard*, 416 U.S. 312, 318 (1974), where simple passage of time rendered the dispute moot.  And because the April 3 speaking event is the *only* application of the speaker form/statute even alleged in

Plaintiffs' Complaint (Complaint ¶¶ 4-5, 37), Plaintiffs cannot rely on the voluntary cessation exception to overcome the fact that April 3, 2018 is now in the past rather than the future.

*Second*, Plaintiffs never dispute the State's argument that "the voluntary cessation exception does not apply where, as here, Defendants had already ceased the relevant conduct before this action was filed." MTD at 9 (citing *Public Utilities*, 100 F.3d at 1460). Nor do Plaintiffs genuinely dispute that ASU had removed the anti-Israel-boycott clause from its speaker contracts *before* this suit was filed. *Id.* at 3, 9. Invocation of the voluntary cessation exception is thus concededly barred by controlling precedent here.

*Third*, Plaintiffs have no response *at all* to Defendants' argument that "because ABOR/ASU had already stopped using a speaker contract with the anti-boycott clause before this suit was filed, Plaintiffs also cannot satisfy the requirements of Article III standing." *See* MTD at 9. Indeed, the word "standing" does not appear whatsoever in Plaintiffs' brief at all, thereby conceding that dispositive ground as well.

*Fourth*, Plaintiffs never dispute that the Ninth Circuit applies a presumption of good faith with respect to governmental cessation of conduct—a presumption that Plaintiffs do not even acknowledge, let alone rebut successfully.

For all of these reasons, the voluntary cessation exception cannot save Plaintiffs' action from dismissal based on Article III mootness.

**C.    Plaintiffs Have Not Satisfied The Requirements Of The Capable-Of-Repetition, Yet-Evading-Review Exception**

Plaintiffs also cannot satisfy the "narrow" capable of repetition, yet evading review exception to mootness, which "applies only in 'exceptional situations.'" *Headwaters, Inc. v. BLM*, 893 F.2d 1012, 1016 (9th Cir. 1989). Indeed, Plaintiffs cannot satisfy their burden as to either prong of the exception.

Most tellingly, Plaintiffs do not even *attempt* to respond to Defendants' argument (at 9) that the constitutional arguments advanced here "will not evade review [because] a virtually identical First Amendment challenge to the Act is pending before this Court in

1  *Jordahl v. Brnovich*, No. 17-cv-8263 (D. Ariz. filed Dec. 6, 2017)."  Plaintiffs' complete

2  non-response to this argument precludes any conclusion that Plaintiffs have satisfied their

3  burden on the evading-review prong.

4       Similarly, Plaintiffs' arguments as to the likelihood of repetition fall far short of

5  the mark.  As Defendants explained, Plaintiffs "must demonstrate a 'reasonable

6  expectation or a demonstrated probability that the same controversy will recur involving

7  the same complaining party.'"  MTD at 8 (quoting *FEC v. Wisconsin Right to Life, Inc.*,

8  551 U.S. 449, 463 (2007)) (quotation marks omitted).  But even Plaintiffs can only bring

9  themselves to argue that "it is not absolutely clear Plaintiffs will not encounter the No

10  Boycott of Israel clause on their next visit to Arizona."  Opp. at 14.  But "absolute

11  certainty" of non-repetition is *not* the governing standard, and Plaintiffs apparently

12  cannot even mouth that they satisfy the Supreme Court's standard.

13  **IV.  THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED**

14       **A.  The Attorney General Enjoys Sovereign Immunity**

15       As the State's motion demonstrated, the exception of *Ex Parte Young*—the only

16  possible exception to sovereign immunity here—only applies where state officers act in

17  an unconstitutional manner or threaten to do so.[3]  *See* MTD at 15-16 & nn.6-7.  Because

18  the "Attorney General is not alleged to have done *anything*, or to have threatened to

19  initiate *any* enforcement action," *id.* at 16, Plaintiffs cannot satisfy that standard here.

20       Rather than pointing to any actual *action* or *threatened action* by the Attorney

21  General, the Complaint only alleges that he "is responsible for enforcing and defending

22  the constitutionality of Arizona law."  Complaint ¶ 10.  But the Ninth Circuit has made

23  plain that "a generalized duty to enforce state law or general supervisory power over the

24  persons responsible for enforcing the challenged provision will not subject an official to

25

26

27  [3]  The State reserves the right to intervene to defend the constitutionality of the Act if this

28  case proceeds past this Motion to Dismiss, *see* 28 U.S.C. § 2403(b); Fed. R. Civ. P.
24(a)(1).

1    suit." *Snoeck v. Brussa*, 153 F.3d 984, 986-87 (9th Cir. 1998).  And that is all that

2    Plaintiffs allege here.[4]

3         **B.    Plaintiffs' Claim Against The Attorney General Fails For Lack of
              Standing And Ripeness**

4

5         Plaintiffs also fail to establish Article III standing and ripeness with respect to the

6    Attorney General.  *See*, *e.g.*, *Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017)

7    ("Article III standing to sue each defendant also requires a showing that each defendant

8    caused his injury and that an order of the court against each defendant could redress the

9    injury.").  The failure to allege any actual action by the Attorney General necessarily

10   precludes Plaintiffs from satisfying this standard.  *See*, *e.g.*, *Arizona Attorneys for*

11   *Criminal Justice v. Ducey*, No. 17-cv-1422, 2018 WL 1570244, at *5 (D. Ariz. Mar. 30,

12   2018) ("Because Plaintiffs set forth no facts which show that they have suffered an injury

13   as a result of some conduct of the Attorney General, it follows that it is not likely, much

14   less plausible, that an injunction against him would redress their injury.").

15        Similarly, Plaintiffs' complete failure to address ripeness at all, *supra* at 3,

16   necessarily means that they have not established ripeness with respect to their claim

17   against the Attorney General.

18        **C.    Plaintiffs Have Not Stated A Valid Section 1983 Claim**

19        Contrary to Plaintiffs' apparent position, Section 1983 is not an absolute liability

20   (*i.e.*, liability-without-fault) provision.  *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.

21   1996) ("Section 1983 creates a cause of action based on personal liability and predicated

22

23   ───────────────────
     [4]  Plaintiffs cite (at 17) to A.R.S. § 35-301 in their Opposition.  That argument is both

24   (1) waived for failure to include it in the Complaint and (2) unavailing, because it merely
     provides the Attorney General with a *general duty* to enforce Arizona law in the

25   expenditure of public funds that is insufficient under *Snoeck*.  For the same reasons,
     Plaintiffs citation of *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 920

26   (9th Cir. 2004) is unavailing.  There the court found that the Idaho attorney general was
     not immune because he had the statutory authority to deputize himself into the role of

27   county prosecutor, and then prosecute *plaintiffs* on the basis of a *criminal* enforcement
     provision *in the challenged* Idaho law.  *Id.* at 912, 920.  But the Attorney General

28   possesses no such authority here.

upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation"); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating that "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant"). Instead, Section 1983 requires actual wrongful conduct by a party to impose substantive liability on it. Plaintiffs have not alleged such conduct for either Defendant.

As to the Attorney General, Plaintiffs never deny that they have not alleged *any* action by him, let alone wrongful conduct. Because Section 1983 cannot impose liability without fault, Plaintiffs necessarily have failed to allege a viable claim against the Attorney General.

Similarly, Plaintiffs' Complaint does not allege a viable claim against ABOR. Plaintiffs notably do not deny Defendants' arguments that "the Complaint does not allege that ABOR/ASU provided to Plaintiffs the speaker form to which Plaintiffs objected, and Plaintiffs' own documents establish it was the student group that did so." MTD at 17. Because the allegedly unconstitutional—and outdated—contract was circulated negligently by a third party, not ABOR/ASU, Plaintiffs' Complaint thus unlawfully seeks to impose liability without fault on ABOR as well. Moreover, because Plaintiffs have not alleged that ABOR took any actions against *them* under color of law that violate federal law, Plaintiffs cannot validly name ABOR as a Section 1983 defendant.

**CONCLUSION**

Because Plaintiffs have conceded that dismissal is appropriate on grounds of prudential mootness and ripeness, Defendants' motion to dismiss should be granted.

1     Respectfully submitted this 14th day of June, 2018.

2                                          MARK BRNOVICH
                                           ATTORNEY GENERAL
3

4                                          By:  s/ Drew C. Ensign
                                           Drew C. Ensign (No. 25463)
5                                          Oramel H. (O.H.) Skinner (No. 32891)
                                           Brunn (Beau) W. Roysden III (No. 28698)
6                                          Robert J. Makar (No. 033579)

7

8                                          *Attorneys for Defendant Mark Brnovich in his*
                                           *official capacity as Attorney General*
9

10                                         By: s/ Nancy Tribbensee
                                           Nancy Tribbensee (No. 011128)
11                                         Senior Vice President and General Counsel,
                                           Arizona Board of Regents
12                                         José A. Cárdenas (No. 005632)
                                           Senior Vice President and General Counsel,
13                                         ASU

14

15                                         *Attorneys for Defendant Arizona Board of*
                                           *Regents for and on behalf of Arizona State*
16                                         *University*

17

18

19

20

21

22

23

24

25

26

27

28

                                          12

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this 14th day of June, 2018, I caused the foregoing

3

document to be electronically transmitted to the Clerk's Office using the CM/ECF

4

System for Filing and transmittal of a Notice of Electronic Filing to the following

5

CM/ECF registrants:

6

Lena F. Masri

7

Gadeir I. Abbas
Carolyn M. Homer

8

453 New Jersey Ave., SE

9

Washington, DC 20003
Phone: (202) 742-6420

10

Fax: (202) 488-0833

11

Raees Mohamed, Esq.

12

8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258

13

Phone: (480) 331-9397

14

Fax: (866) 961-4984

15

  s/ Drew C. Ensign

16

*Attorney for Defendant Mark Brnovich in his official capacity as Attorney General of*

17

*Arizona*

18

19

20

21

22

23

24

25

26

27

28